### OHIO FINANCE CO v WOLLITZ et

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 23, 1931

M. Mendelssohn, Youngstown, for plaintiff in error.

Barnum, Hammond, Stephens & Hoyt, Youngstown, for defendant in error.

**POLLOCK, J.**

Sec 11771 GC provides for what is commonly known as proceedings in aid of execution, that the judgment creditor can be brought into the Court of Common Pleas or Probate Court of the County, and be submitted to an examination to determine whether he has any funds or property. The next section provides that the judgment creditor may also bring into such proceeding any one the judgment creditor may think is a debtor of the judgment debtor, or who has property belonging to the judgment debtor, and that section pro-

vides, in substance, that the property, if it be found that such person is indebted to the judgment debtor, or has property of such debtor, shall be bound from the time of the service of notice of these proceedings on the person possessing this property.

We feel that the Supreme Court of this state has construed this question so plainly that it does not need much more than calling attention to the case. In the case of **Ball, et al v Towle Manufacturing Company, 67 Oh St 306**, the second proposition of the syllabus provides:

"When such proceeding is instituted by a judgment creditor, and the notice authorized and provided for by §5475 (which is now §11772 GC) is duly served upon the corporation in which the judgment debtor owns shares of stock, such stock is bound and the judgment creditor acquires a lien from the time of the service of such notice."

This was a corporation. It is claimed the judgment debtor had stock in that corporation, so the question comes under the provision of the statute. On page 312 the Supreme Court explains this provision:

"If the action of the plaintiff below had been by attachment, and notice of garnishment had been duly served on the bank, Crowell as a subsequent pledgee of said stock would take it subject to the lien of such attachment. Such is the doctrine of **National Bank v Railway Company, 21 Oh St 231**, and **Norton v Norton, 43 Oh St 509**. The procuring of a lien by attachment and garnishee process, before judgment, upon the corporate stock of a stockholder, and the securing of a lien upon such stock after judgment by a proceeding in aid of execution, differ in no essential principle or particular except in the method of procedure. The right to subject such property alike exists in either case. If attachment proceedings be instituted the article provides, §5538 GC that the order of attachment shall bind the property attached from the time of its service."

So that from reading this section of the statute we find it will bind the property from the time of such service. In the above case the Supreme Court had before it a case where the plaintiff had recovered a judgment against Ball, and he had stock in the National Bank. The Towle Company sought to subject that stock to the payment of its debts by proceeding in aid of execution after service in aid of execution had been made on the Bank. Ball had

pledged this stock for consideration and in good faith of W. J. Crowell and without any notice on Crowell's part of the Towle Manufacturing Company's proceedings in aid of execution, yet the Supreme Court says notwithstanding Crowell parted with his money in good faith after the service of this summons in aid of execution, yet the summons on the bank bound the property Ball possessed from time of service. The judgment creditor, the Towle Company, had the first lien,—even a stronger case than we have here.

Our attention was called in argument to the statutory proceedings in regard to obtaining a lien on personal property under a judgment, and our attention is called that you could not obtain a lien on personal property by merely taking the judgment and the first judgment creditor issuing execution and levying on the property had the prior right. That is correct if the Motor Company had been proceeding under an execution, but it was not proceeding under execution. It was proceeding to claim a lien under proceedings in aid of execution. The Motor Company got a lien from the time of service, just as he would have done if he had attached this property, so we think there was no error in the court below determining that the Motor Company had the prior lien.

There was a motion in this case to dismiss the action on account of want of jurisdiction; in other words, the question first sought to be raised is that this was an equity proceeding and that therefore they could only proceed by appeal. We are not saying that this was an equity proceeding, but if it was, **Article 4, §6, of the Constitution** gives the court the right to review on error whether it is an equity proceeding or law proceeding any proceedings of the court below, notwithstanding in equity proceedings the court has a right to appeal.

There was another question raised in regard to the parties. The only party made defendant in this case by an appearance and service in any way was the Youngstown Oakland Company. The other parties were not made defendants. It is urged that they had no interest in the subject matter. It is not a question of interest as far as legal interest is concerned. The issue now before the court is between the Finance Company and the Youngstown Oakland Company, but yet all of these parties should have been made parties plaintiff. This court has decided that even after time of bringing action in error if new parties are to be made, they can be made by proper proceedings and service upon them. We do not see any reason now why they should be made parties in this case, but if either party thinks they should, they can be made parties, and this judgment will not be entered until they are brought in and have their day in court; and then judgment can be entered. The judgment is affirmed.

ROBERTS and FARR, JJ, concur.